STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EDMUND SCHNEIDER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 17, 1978—Decided February 1, 1978.

Before Judges FRITZ, BOTTER and ARD.

*Mr. John H. Ratliff* argued the cause for appellant.

*Mr. Paul A. Massaro,* Assistant Prosecutor, argued the cause for respondent (*Mr. John H. Stamler,* Union County Prosecutor, attorney).

PER CURIAM. Defendant was charged in two indictments with various counts of conspiracy, larceny and embezzlement. By retraxit motion granted, he pleaded guilty to six counts of embezzlement (*N. J. S. A.* 2A:102–5) and to conspiracy (*N. J. S. A.* 2A:98–1). On the conspiracy count he was sentenced to one to three years in State Prison and fined $1,000.

The embezzlement counts appeared in a separate indictment. On each of the six counts to which he pleaded guilty a $500 fine was assessed. Additionally, defendant was sentenced to concurrent State Prison terms of one to three years on each of these counts. However, the sentence on the last of these counts was suspended and a three-year probationary period was imposed.

Defendant filed a notice of appeal.[1]

Thereafter, the sentencing judge summoned the parties and advised them of circumstances whereby he had been apprised of defendant's position that his imposition of probation of the suspended sentence constituted a "split sentence," and was illegal. The judge explained, as indeed he had at the time of sentencing, that he contrived the suspended sentence and fairly lengthy probation to accommodate defendant financially by extending the time through a subsequent probation period during which defendant could pay his fines.

Following this explanation, the judge gave defendant, who was present throughout, an opportunity to confer with counsel. Counsel reported:

He [the defendant] understands the hearing today. He understands what the Court has said, and he understands what I have said, and he and I have just discussed it a little bit, and he would request through me and we do request that we simply vacate the probationary part of the sentence on the last count in which he was sentenced, allow the suspended sentence to stand. It will clear up any possible question of illegality, and the defendant understands that his appeal will then be directed solely to the question of the

[1]There are numerous glaring deficiencies and errors in the notice of appeal, some of which were the subject of comment by the trial judge. These are not particularly relevant to the issues we here decide and we will not document them nor comment further with respect to them except to express our dismay with the lack of professional competence which produced them. It would be unfair to neglect to observe they are apparently not the product of counsel who argued this appeal for defendant.

excessiveness of the sentence and whether he should have bail pending appeal.

The judge went to great lengths in explanation and in inviting assistance from defendant's attorney, because, as he put it,

> * * * I don't want to see the Court whipsawed into a position where at this end it's doing something that it thinks may be a benefit to the defendant, and at the other end, the Appellate end, the same defendant is saying what you did was illegal.
>
> *　　*　　*　　*　　*　　*　　*　　*
>
> All I tried to do was in a complex matter all through, impose what I thought was the real punishment here, which was the jail sentence, and then accommodate as far as I could on the fine.
>
> Now, if we can have a meeting of the minds, fine, but I don't want to do something which I think is for the defendant's benefit and have him think it's for his benefit, and then have it also thrown back as being illegal, because that's a contradiction in terms as far as I'm concerned.

The judge's fears were realized. In addition to arguing before us that his sentence "was manifestly excessive and an abuse of discretion," defendant seeks a remand, saying in his brief, "Notwithstanding the Court's desire to amend the sentence on its' [sic] own initiatve [sic], it was an action totally lacking in jurisdictional authority."

■ Legally the argument is sound. Except for certain limited proceedings not here involved, the filing of a notice of appeal divests the trial court of jurisdiction. R. 2:9–1(a); Kohn's Bakery, Inc. v. Terracciano, 147 N. J. Super. 582 (App. Div. 1977); Sturdivant v. General Brass & Machine Corp., 115 N. J. Super. 224 (App. Div. 1971), certif. den. 59 N. J. 363 (1971). Accordingly we must vacate the corrected sentence. We do this not because the substance of what the judge did was wrong, nor because of any unfair treatment of defendant — indeed, the judge could not have been more solicitous of defendant's welfare. We do this only because while this appeal was pending the sentencing judge had no jurisdiction in the premises.

■ We turn to the only remaining issue: the alleged excessiveness of the sentence. We find no merit to the argument. Defendant's plea was a negotiated one. The State undertook to recommend that the aggregate sentence not exceed five years total. Additionally, it agreed to advise the court at sentencing of the degree of cooperation by defendant at the trial of others. Finally, the State agreed to recommend dismissal of numerous other counts against defendant. The State fully performed its obligations. The sentence is within statutory limits and the perimeters of the negotiated plea. The sentencing judge was articulate and precise in his statement of reasons underlying his judgment at the sentencing and producing his inescapable conclusion "that the crime is serious enough to justify a custodial sentence." We find no compelling circumstances, including the alleged disparity, to cause us not to defer to the presumed reasonableness of this bargained sentence, *State v. Spinks*, 66 *N. J.* 568 (1975), nor do we perceive any reason to question the discretion of the sentencing judge, *State v. Knight*, 72 *N. J.* 193 (1976).

Because the amended sentence was extrajurisdictional and since its imposition casts doubt on the initial sentence, we remand for resentencing.

BOTTER, J. A. D., concurring. Defendant asserts that the matter should be remanded for resentencing because the trial court had no jurisdiction *sua sponte* to amend the original sentence after a notice of appeal had been filed, not even for the purpose of correcting an illegal sentence. Thus, defendant contends that a remand is desirable to avoid all doubt as to the efficacy of the amendment which had as its purpose the elimination of probation as part of the sentence imposed for one of the crimes. While the ultimate result, a remand for resentencing, is satisfactory in this case, several points are worth noting.

First, I concur in the view that the filing of a notice of appeal ousts jurisdiction of the trial court, even when the

purpose is to correct an illegal sentence. This conclusion is suggested by the provisions of *R.* 2:9–1(a), *R.* 2:10–3 and *R.* 3:21–10(a), which are consistent with one another. Once an appeal is filed action can be taken by the trial court only upon a partial or complete remand. See *R.* 2:9–1(a). This interpretation should govern, notwithstanding numerous cases and comments to the effect that an illegal sentence may be corrected at any time. See, *e. g., State v. Sheppard,* 125 *N. J. Super.* 332, 336 (App. Div.), certif. den. 64 *N. J.* 318 (1973); *State v. Fisher,* 115 *N. J. Super.* 373, 378 (App. Div. 1971); *State v. Heslip,* 99 *N. J. Super.* 97, 100 (App. Div.), certif. den. 51 *N. J.* 570, *cert.* den. 393 *U. S.* 928, 89 *S. Ct.* 265, 21 *L. Ed.* 2d 265 (1968); see Pressler, *Current N. J. Court Rules,* Comment *R.* 3:21–10. The intent of this expression is to remove possible time limitations rather than invest jurisdiction where there is none.

Moreover, here the initial sentence was not illegal; it was not an improper "split" State Prison sentence. *State v. Sanchez,* 150 *N. J. Super.* 424 (App. Div. 1977). A custodial State Prison sentence can be imposed for one or more crimes and a suspended custodial sentence with probation may lawfully be imposed for a separate crime, whether charged in a separate count or a separate indictment or accusation. *Id.*

Since the initial sentence was not illegal, there can be no question that the trial judge had no right to "correct" it by a later sentence imposed during the pendency of this appeal.

I have no quarrel with the practical result of remanding the case for imposition of a new sentence. Defendant apparently wants to eliminate probation as an added burden, even if it had been imposed by the sentencing judge for the purpose of extending defendant's time to pay the fines. The trial court has the power to reduce or change the sentence on defendant's motion or on its own initiative within 35 days of the judgment of this court on appeal. *R.* 3:21–10(a).

No harm is done, therefore, by expressly remanding for this purpose.

I also concur in the view that defendant's sentence was not manifestly excessive or arbitrarily and unjustly disparate.